IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | CASE NO. 1:24-CR 0031(1) |
| Plaintiff, | : | JUDGE SUSAN J. DLOTT |
| KEVIN DERAMUS, | : | DEFENDANT'S SENTENCING MEMORANDUM |
| Defendant, | : | |

**I.  INTRODUCTION**

The United States argues that the Defendant, Kevin Deramus, should be sentenced to 327 months in prison because he is a killer. A killer than ran a drug trafficking enterprise premised on "this fact". See United States' Sentencing Memorandum at p. 1. The United States' position is provocative and sensational. However, it is not based on the facts or relevant conduct in this case.

Mr. Deramus is a middle-aged man with very significant life-threatening infirmaries and conditions: brain cysts, epilepsy, narcolepsy, seizures, heart attack, high blood pressure and chronic obstructive pulmonary disease. He timely and completely accepted responsibility and made no excuses for his conduct in this matter . His conduct in this matter does not consist of murder, murder for hire, weapons or violence. See Statement of Facts.

In light of the foregoing, Defendant, respectfully requests this Court to impose a sentence of 120 months or ten years.  The aggregate or collective factors of the statute governing imposition of sentence, 18 U.S.C. §3553(a) justify this Court to impose the aforementioned

1

sentence. Such a sentence in this case is not only sufficient, but is greater than necessary to achieve the statutory purposes of sentencing.

In *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005), the Supreme Court held that the sentencing guidelines, which were previously mandatory, are now only advisory. *Id*. at 245, 125 S. Ct. 738. Accordingly, a District Court is permitted to vary from those guidelines in order to impose a sentence which fits the mandate of 18 U. S. C. § 3553(a). *United States v. Collington*, 461 F. 3d 805, 808 (6th Circuit 2006). Instead of being bound by the guidelines a sentencing court need only consider the guideline's range. The sentencing court, not the sentencing guidelines, determine an appropriate or reasonable sentence. Under *Booker*, the sentencing court must treat the guidelines as only one of many factors set forth in 18 U.S.C. § 3553(a). In the Sixth Circuit, a dramatic downward variance or departure is permitted if there exists a compelling justification based on the relevant § 3553 factors that is proportioned to the extent of the variance. *United States v. Borho*, 485 F. 3d 904 (6th Circuit 2007). The dramatic downward variance from the sentencing guideline range is presumed reasonable. *United States v. Foreman*, 436 F. 3d 638, 644 (6th Circuit 2006). The overriding principle is to impose a sentence that achieves the purposes of § 3553(a), not a sentence in compliance with the guideline range. *United States v. Williams*, 428 F. Supp. 2d 745 (E.D. Tenn. 2006). The sentencing should be sufficient, but not greater than necessary, to achieve the statutory purposes of sentencing. 18 U. S. C. § 3553(a). In other words, this Court's sentence must strive to achieve the purpose of § 3553(a), but not be harsher than what is necessary to meet the statutory goals.

In the Sixth Circuit the general methodology sentencing courts use in determining sentences is to first apply the relevant guideline provisions. This includes calculating the

advisory guideline range and applying established departure law and procedures. Second, the court will look to the sentencing purposes congress requires it to consider listed in § 3553. The factors the court must now consider are:

 (1) The nature and circumstances of the offense and the history and characteristics of the Defendant. 18 U.S.C. § 3553(a)(1)

 (2) The need for judges to impose sentences that reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, protect the public, and effectively provide the Defendant with needed educational or vocational training and medical care. 18 U.S.C. § 3553(a)(2)

 (3) The kinds of sentences available. 18 U.S.C. § 3553(a)(3)

 (4) The sentencing range established for the applicable category of offense committed by the applicable category of Defendant. 18 U.S.C. § 3553(a)(4)

 (5) The pertinent sentencing commission policy statements. 18 U.S.C. § 3553(a)(5)

 (6) The need to avoid unwarranted sentencing disparities. 18 U.S.C. § 3553(a)(6); and

 (7) The need to provide restitution to victims. 18 U.S.C. § 3553(a)(7)

Finally, the court shall determine a reasonable sentence in accordance with 18 U.S.C. § 3553(a), including but not limited to considering the relevant guideline range. See *Booker*, 543 U.S. at 264, 125 S. Ct. 738. The overriding principle is to impose a sentence that is "sufficient,

but not greater than necessary, to achieve the statutory purposes of sentencing." 18 U.S.C. § 3553(a). In other words, this court's sentence must strive to achieve the purposes of § 3553(a) but not be harsher than what is necessary to meet the statutory goals. *Borho, Foreman* and *Williams*.

Applying the aforementioned controlling principles of law to the facts, circumstances and events in this case, this Court should sentence the Defendant to a term of 120 months in prison.

II. **THE NATURE AND CIRCUMSTANCES OF THE OFFENSE FOR WHICH MR. DERAMUS WAS CHARGED AND CONVICTED JUSTIFY A SENTENCE OF 120 MONTHS**.

In determining an appropriate sentence, the sentencing court must consider the nature and the circumstances of the offence. 18 U.S.C. § 3553(a)(1). The nature and circumstances of the offense Defendant committed requires the imposition of a 120 month sentence. Mr. Deramus is not the head of this drug organization. In its sentencing memorandum the government even states "Deramus purchased heroin from co-defendant Gregory Isham". United States Sentencing Memorandum, p. 2. Moreover, baseless, unfounded, investigatory assumptions about Mr. Deramus' alleged involvement in homicides do not constitute facts circumstances or events or relevant conduct to be considered in determining the nature and circumstance of the offense in this case . He is not a ruthless , violent head of a drug trafficking organization.

The government's eight-page play by play recitation of Defendant's drug trafficking makes for good reading. However, it is not the facts or conduct agreed to by the Defendant and the government. This is particularly true of the innuendo in the government's sentencing memorandum regarding the Troy Smith's homicide investigation. See United States Sentencing

4

Memorandum p. 6 & 7. This Court should not consider facts, circumstances or events outside of the Statement of Facts.

Moreover, the Sentencing Guidelines overstate the seriousness of the offense. Only 561 grams of fentanyl were recovered from Mr. Deramus' person and the storage unit attributed to him. Furthermore, the $290,000 cash from the Catalina Stash House should not be attributed to Defendant. Defendant denies possession, interest or ownership of the $290,000. See Statement of Facts.

Finally, the offense in this case did not involve violence, the use of any weapon, any physical or economic injury or harm to any person or property. No individual or entity in this case was injured or suffered a loss as the result of the conduct of this Defendant.

### III. IN DETERMINING AN APPROPRIATE SENTENCE IN A FEDERAL CRIMINAL CASE, THE SENTENCING COURT MUST CONSIDER THE HISTORY AND CHARACTER OF THE DEFENDANT. 18 U.S.C. § 3553(a)(1).

Mr. Deramus does have a lengthy criminal record. However, the crux of his record can be attributed to less serious, innocuous misdemeanor and driving offenses. The offenses are not demonstrative of Defendant's true history and character. The only recent drug trafficking conviction Defendant has is from 2023 when he was convicted for aggravated trafficking. In that case Defendant purchased a little over 5 grams of fentanyl. He was placed on probation. The other drug trafficking convictions (2012, 2011, 2005) are old and not indicative of Defendant's current character.

In an inappropriate and erroneous effort to disparage Mr. Deramus' history and character, the government urges this court to consider six homicide cases that the Defendant was allegedly directly or indirectly involved in. Six homicide cases in which Mr. Deramus' alleged connection or involvement is based on unverified hearsay statements, rumors, unidentified witnesses and suspicions.

The government's decades long investigation of these homicides has not amounted to any credible evidence indicating Mr. Deramus was in anyway involved in any homicide. This is why he has never been charge for any of the alleged offenses. This Court should not consider this information for purposes of sentencing.

In a last-ditch effort to get this Court to sentence the Defendant to as much time as possible, the government urges this Court to consider three other murders in which the Defendant was "implicated in and/or investigated for". See United States Sentencing Memorandum, p. 14. For the aforementioned reasons, this Court should not consider this information.

The Defendant is 46-year-old man and devoted father . He timely accepted responsibility for his conduct in this case. He makes no excuses for his conduct. The Defendant did not obstruct or impede justice in this case.

Contrary to the government's claim Mr. Deramus was not directly or indirectly involved in any murders or murders for hire. He was never charged, prosecuted or convicted of any such conduct. This Court should not consider the government's inflammatory, unfounded conclusions or assumptions as facts or relevant conduct in this case or an indication of Defendant's character.
.

6

### IV. A 120 MONTH SENTENCE WILL REFLECT THE SERIOUSNESS OF THE OFFENSE, PROMOTE RESPECT FOR THE LAW, AFFORD ADEQUATE DETERRENCE AND PROTECT THE PUBLIC.

The government requests a 327-month sentence for Mr. Deramus to adequately punish him, deter him and foster respect for the law. See United States Sentencing Memorandum p. 14 – 15. The primary basis for the government's request is that Defendant distributed drugs in "our city" – and shot rivals who got in the way . See United States Sentencing Memorandum p 15.

Again , the government erroneous relies on the conclusory, unfounded and alleged connection between Mr. Deramus and unsolved homicides in Cincinnati . The government should not be able to utilize this Court to punish Mr. Deramus for something he did not do. It is the job of the Hamilton County Prosecutor's Office to charge , prosecute , convict and punish the Defendant for these crimes if he committed them  ---  not this Court .

Absent the government 's inflammatory  , homicidal rhetoric , this is a routine drug conspiracy. Moreover , Defendant is a 46 years old man with significant medical infirmaries and conditions. A middle-aged man who committed the bulk of his drug trafficking crimes thirteen years ago.  The most time the Defendant has ever spent in prison is six years. A ten-year sentence is just punishment for the Defendant and will make him respect the law and will deter him from committing crimes in the future.

### V. CONCLUSION

Application of each and every factor in 18 U.S.C. § 3553 constituting the purpose of sentencing in a federal criminal case demonstrate that Defendant should be sentenced to the mandatory minimum 120 months in prison. The collective aggregate application of the sentencing factors provides a compelling justification for a sentence of 10 years. Finally, such a

7

sentence in this case is not only sufficient but is greater than necessary to achieve the statutory purposes of sentencing. A sentence other than 120 months is clearly harsher than what is necessary to meet the statutory goals of sentencing.

In light of the foregoing, Defendant, Kevin Deramus, respectfully requests this Court to impose a sentence of 120 months.

Respectfully Submitted,

*/s/: Clyde Bennett II*
Clyde Bennett, II
(Supreme Court No. 0059910)
119 E. Court Street
Cincinnati, OH 45202
Direct Phone: (513) 233-5555
Office Phone: (513) 632-9503
Fax: (513) 721-5824
Email: clyde.bennett@yahoo.com
Website: www.clydebennettthelaw.com
Attorney for Defendant
Kevin Deramus

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was served upon the Assistant United States Attorney by electronically filing the foregoing with Clerk of Court by using the CM/ECF system which will send notification of such filing to the above.

*/s/: Clyde Bennett II*_____